# NO. 12-14-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RENAE LOUISE HARRISON, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

Renae Louise Harrison appeals her conviction for theft. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for felony theft. The State alleged in the indictment that Appellant stole a computer tower from a hotel lobby in Smith County, Texas, worth less than $1,500.00. Appellant was charged with felony theft, a state jail felony as alleged in the indictment due to Appellant's two prior theft convictions.[1] She pleaded "true" to the jurisdictional paragraph of the indictment alleging the prior thefts, and "not guilty" to the charge of state jail felony theft.

During the subsequent jury trial, after three witnesses testified, Appellant decided to make an open plea of "guilty." The trial court admonished Appellant as to the consequences of her plea. Appellant stated that she voluntarily changed her plea to "guilty," and did so for no

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D).

other reason than because she was guilty of the alleged crime. The State offered documents, signed by Appellant, establishing that she (1) received the admonishments of her guilty plea, (2) waived her right to a jury trial, and (3) committed all the elements of the charged offense. The trial court accepted her plea and decided to hold her punishment hearing at a later date.

Appellant failed to appear at her punishment hearing. Appellant's counsel explained that he had been unable to contact Appellant, and indicated that Appellant refused to cooperate with the community supervision department while she awaited her sentencing hearing. Appellant was arrested on an alias capias and brought before the court for a sentencing hearing. After the hearing, the trial court sentenced Appellant to two years of confinement at a state jail facility. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We have likewise reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See* TEX. R. APP. P. 43.2.

---

[2] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file her own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered February 11, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 11, 2015**

**NO. 12-14-00065-CR**

**RENAE LOUISE HARRISON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0445-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle. J. and Neeley, J.*